UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
AN ORDER AUTHORIZING THE INITIAL
INTERCEPTION OF WIRE AND
ELECTRONIC COMMUNICATIONS
TO AND FROM THE CELLULAR
TELEPHONE NUMBER
**(407) 435-8895 (TT-1)**
**IMSI: 310260267317230**

MISC. NO. 6:15-mc-4-Orl-37KRS

### APPLICATION FOR INTERCEPTION OF
### WIRE AND ELECTRONIC COMMUNICATIONS

Bruce S. Ambrose, Assistant United States Attorney, Middle District of Florida, being duly sworn, states:

1. Your Applicant is an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an attorney authorized by law to prosecute or participate in the prosecution of United States federal felony offenses. Your Applicant is also an attorney for the government as defined in Fed. R. Crim. P. 1(b)(1), and therefore, pursuant to 18 U.S.C. § 2516(3), your Applicant is authorized to make an application to a federal judge of competent jurisdiction for an order authorizing/approving the interception of wire and electronic communications.

S-1

2. This application is for an order pursuant to 18 U.S.C. § 2518, authorizing the initial interception, for a period of 30 days, of wire and electronic communications of:

    a. Samuel Benjamin GENAO-ENCARNACION

    b. Julio Ivan COLON-ARCE,

    c. William GONZALEZ,

    d. Jose Enrique KUILAN SANTIAGO

    e. Juan BATISTA-FELIX,

    f. Jose GENAO-SANCHEZ, and

    g. Jason PAGAN-HERNANDEZ,

and others as yet unknown (hereinafter, "**Interceptees**"), including direct connect, push-to-talk, digital dispatch, and walkie talkie communications, occurring to and from telephone number **(407) 435-8895**, currently using International Mobile Subscriber Identity (IMSI) number **310260267317230**, with service provided by T-Mobile (hereinafter, "**TT-1**"), concerning federal felony offenses, that is, offenses involving violations of Title 21, United States Code, Sections 846, 841(a) and 843(b), and Title 18 United States Code, Sections 1956 and 1957.

3. The authorization given is intended to apply not only to the target telephone number listed above, but also to any other telephone number or telephone accessed through the above-referenced IMSI number, and to any other IMSI number accessed through the target telephone number referenced above,

within the thirty day period. The authorization is also intended to apply to the target telephone number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

4. There is probable cause to believe that the **Interceptees** have committed, are committing and will continue to commit violations specified in Title 18, United States Code, Section 2516, namely: (1) the distribution and possession with the intent to distribute controlled substances and attempt and conspiracy to do so, in violation of Title 21, United States Code, Sections, 841(a) and 846; (2) using a communication facility in committing these offenses, in violation of 843(b); (3) knowingly conducting or attempting to conduct a financial transaction that involves the proceeds of a specified unlawful activity, including the manufacture, importation, sale or distribution of a controlled substance, in violation of Title 18, United States Code, Section 1956; and (4) knowingly engaging or attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity, including the manufacture, importation, sale or distribution of a controlled substance, in violation of Title 18, United States Code, Section 1957 (hereinafter, the "**Subject Offenses**").

5. Pursuant to Section 2516 of Title 18, United States Code, the Attorney General of the United States has specifically designated the Assistant

Attorney General in charge of the Criminal Division and any Deputy Assistant Attorney General of the Criminal Division to exercise the power conferred on the Attorney General by Section 2516 of Title 18, United States Code, to authorize an application for the interception of wire and electronic communications. Under the power designated him by special designation of the Attorney General pursuant to Order number 3055-2009 dated February 26, 2009, David Bitkower, Deputy Assistant Attorney General for the Criminal Division, an appropriate official of the Criminal Division, has authorized this Application on January 7, 2015, with regard to the interception of wire and electronic communications. Attached to this Application and identified as **Exhibit A** is a copy of the Attorney General's order of special designation. Also attached and identified as **Exhibit B** is a copy of the memorandum and authorization approving this Application.

6. Your Applicant has discussed the circumstances of the above offenses with Special Agent Erich Wendel of the Drug Enforcement Administration, who has directed and conducted this investigation, and has examined his Affidavit, which is attached to this application and incorporated by reference as **Exhibit C**. Based upon that Affidavit, your Applicant states upon information and belief that:

a. There is probable cause to believe that the **Interceptees** have committed, are committing and will continue to commit violations specified in Title 18, United States Code, Section 2516, namely: (1) the distribution and

5

possession with the intent to distribute controlled substances and attempt and conspiracy to do so, in violation of Title 21, United States Code, Sections, 841(a) and 846; (2) using a communication facility in committing these offenses, in violation of 843(b); (3) knowingly conducting or attempting to conduct a financial transaction that involves the proceeds of a specified unlawful activity, including the manufacture, importation, sale or distribution of a controlled substance, in violation of Title 18, United States Code, Section 1956; and (4) knowingly engaging or attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity, including the manufacture, importation, sale or distribution of a controlled substance, in violation of Title 18, United States Code, Section 1957.

      b.     There is probable cause to believe that particular wire and electronic communications of the **Interceptees** and other as yet unknown, occurring to and from **TT-1** concerning the **Subject Offenses** will be obtained through the interception that is the subject of this application. In particular, these wire and electronic communications are expected to concern, among other things: (1) the nature, extent, and methods of the distribution of controlled substances by the **Interceptees** and others; (2) the nature, extent, and methods of operation of the illegal business being conducted by the **Interceptees**; (3) the identities and roles of accomplices, aiders and abettors, co-conspirators, and other participants in these illegal activities; (4) the distribution and transfer of controlled substances

6

and money involved in the illegal activities; (5) the existence and location of records related to the illegal activities; (6) the location and source of revenues used to finance the illegal activities; (7) the location and disposition of the proceeds from these illegal activities; and (8) the locations and items used in furtherance of the illegal activities. In addition, these wire and electronic communications are expected to constitute admissible evidence of the commission of the **Subject Offenses**.

      c.      There is probable cause to believe that **TT-1** is being used and will continue to be used by the **Interceptees** and others as yet unknown in connection with the commission of the **Subject Offenses**.

      d.      The attached Affidavit contains a full and complete statement explaining why normal investigative procedures have been tried and failed, reasonably appear unlikely to succeed if continued, reasonably appear unlikely to succeed if tried, or are too dangerous.

      e.      The attached Affidavit contains a full and complete statement of facts concerning all previous applications which are known to have been made to any judge of competent jurisdiction for approval of the interception of the oral, wire or electronic communications of any of the same individuals or facilities specified in this application, including the **Interceptees** and **TT-1**.

WHEREFORE, your Applicant believes that there is probable cause to believe that the **Interceptees** and other as yet unknown, are engaged in the

7

commission of the **Subject Offenses**; that the **Interceptees** and others as yet unknown are using **TT-1** in connection with the commission of the **Subject Offenses**; and that wire and electronic communications of the **Interceptees** and others as yet unknown will be intercepted over **TT-1**.

THE APPLICANT REQUESTS this Court to issue orders pursuant to the power conferred on it by Section 2518 of Title 18, United States Code, authorizing agents of the Drug Enforcement Administration (DEA) and law enforcement personnel assisting them, and individuals under contract with the government acting under the supervision of law enforcement officers and assisting in this investigation, to intercept wire and electronic communications to and from **TT-1**, including: (i) any background conversations intercepted in the vicinity of **TT-1** while the telephone is off the hook or otherwise in use; (ii) any wire and electronic communications that are intended for **TT-1** but are redirected due to the activation of the service provider's call-forwarding feature for **TT-1**; (iii) any real time interception of messages that are left in or retrieved from the voice mail system of **TT-1**; and (iv) any electronic communications including, but not limited to SMS text messages, within the thirty day period. The authorization requested should apply not only to the target telephone number listed above, but also to any other telephone number or telephone accessed through the above-referenced IMSI number, and to any other IMSI number accessed through the target telephone number referenced above, within the thirty day period. The authorization

8

requested should also apply to the numbers of **TT-1** referenced above regardless of service provider.

IT IS FURTHER REQUESTED that that such interceptions shall not terminate automatically after the first interception that reveals the manner in which the **Interceptees** and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted, which reveal fully the manner in which the **Interceptees** and others as yet unknown are committing the **Subject Offenses**, and which reveal fully the identities of their coconspirators, their places and manner of operation, the nature of their activity pertaining to the **Subject Offenses** and the use and location of proceeds from the **Subject Offenses**, or for a period not to exceed thirty days, measured from the earlier of the day on which the investigative or law enforcement officers begin to conduct the interception of wire and electronic communications, pursuant to this Order or ten days from the date of the order is entered, unless otherwise ordered by this Court.

IT IS FURTHER REQUESTED that in the event **TT-1** is transferred outside the territorial jurisdiction of the Court, interception may continue in the Middle District of Florida where interceptions will first be heard, read, and minimized.

IT IS FURTHER REQUESTED that this Court issue orders pursuant to Section 2518(4) of Title 18, United States Code, directing T-Mobile, an electronic communications service provider as defined in Section 2510(15) of Title 18, United States Code, and any subsequent electronic communications service providers

9

that provide service to **TT-1**, furnish to the DEA, or other assisting law-enforcement agencies with all information, facilities and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such service provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of intercepting wire and electronic communications over the above-described telephone. The service provider shall be compensated by the DEA for reasonable expenses incurred in providing such facilities or assistance.

IT IS FURTHER REQUESTED, to avoid prejudice to this criminal investigation, that the Court order T-Mobile and any other subsequent service provider that provides service to **TT-1**, and their agents and employees, not to disclose or cause a disclosure of this Court's Orders or the request for information, facilities, and assistance by DEA, or other law enforcement personnel assisting those federal agencies or the existence of the investigation to person other than those of their agents and employees who require this information to accomplish the services requested. In particular, T-Mobile and any subsequent service provider that provides service to **TT-1**, and their agents and employees, should be ordered not to make such disclosure to a lessee, telephone subscriber, or any **Interceptees** or participant in the intercepted communications.

10

IT IS FURTHER REQUESTED that this Court direct that its Orders be executed as soon as practicable after it is signed and that all monitoring of wire and electronic communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code, and as further indicated in the attached Affidavit. The interception of wire and electronic communications authorized by this Court's Orders must terminate upon attainment of the authorized objectives, or in any event, at the end of thirty days measured the earlier of the day on which investigative or law enforcement officers first begin conduct an interception or ten days after the Orders sought in this Application are entered, unless otherwise ordered by this Court. Monitoring of conversations must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the **Interceptees** or any of their confederates, when identified, are participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If any conversation is minimized, the monitoring agent shall spot check to insure that the conversation

11

has not turned to criminal matters. Special attention will be paid to the minimization of possibly privileged communications.

IT IS FURTHER REQUESTED that pursuant to Title 18, United States Code, Section 2518(5), in the event the interceptions are in a code or foreign language and an expert in that code or foreign language is not reasonably available during the interception period, that minimization may be accomplished as soon as practicable after such interceptions.

IT IS FURTHER REQUESTED that the Court order that the undersigned Assistant United States Attorney or any other Assistant United States familiar with the facts of this case, provide the Court with a report on or about the tenth and twentieth days following the date of the commencement of the interception, showing what progress has been made toward achievement of the authorized objectives and the need for continued interception.

IT IS FURTHER REQUESTED that, in the event that the service provider changes during the course of the interception, interception may continue with the new service provider without further order of this Court. The United States will advise the Court of the change in service provider in the periodic progress reports submitted to this Court.

IT IS FURTHER REQUESTED that if any of the aforementioned reports should become due on a weekend or holiday that such report become due on the next business day thereafter.

12

### Request for Orders Authorizing the Seizure of Information Needed to Ascertain the Physical Location of TT-1

IT IS FURTHER REQUESTED that the Court issue an Order authorizing agents of the DEA to ascertain the physical location of **TT-1**, including but not limited to E-911 Phase II data or other precise location information concerning **TT-1** (the "Requested Location Information"),[1] during the authorized period of interception. As explained in more detail in the Affidavit, there is probable cause to believe that the location of **TT-1** during that period will constitute evidence of the **Subject Offenses**.

IT IS FURTHER REQUESTED that the Court direct T-Mobile to disclose the Requested Location Information concerning **TT-1** during the authorized period of interception, and to initiate a signal to determine the location of **TT-1** on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the information, facilities and technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by **TT-1** at the start and end of any call. In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause. See *In re Application*, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. §§ 2703(d) & 3121 et seq.).

**TT-1**, at any time of day or night, owing to the potential need to locate **TT-1** outside of daytime hours.

IT IS FURTHER REQUESTED that the Court order that government shall commence execution of any warrant issued for the seizure of Requested Location Information within 10 days, and such execution may take place at any time of the day or night, good cause having been shown. Any warrant issued in this matter shall be returned to the judge designated in this Order, together with an inventory advising this of the date and time that acquisition of the Requested Location Information was first initiated and the period during which it was acquired.

IT IS FURTHER REQUESTED that the Court order that during the period of this Court's Orders, the furnishing of such information, facilities and assistance by T-Mobile and other communication service providers, to the government shall be compensated for by the United States at the prevailing rate.

IT IS FURTHER REQUESTED that the Court order that the warrant for the Requested Location Information be returned to the issuing judicial officer within 10 days after the termination of the authorized period of interception.

IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize delay of notice of the acquisition of the Requested Location Information until such time as the inventory required under 18 U.S.C. § 2518(8)(d) is served.

IT IS FURTHER REQUESTED that the Court order that its Orders, this Application, the attached Affidavit, and any interim reports and Orders be sealed until further order of this Court, except that copies of the Orders, in full or redacted form, may be served on the DEA, and any other assisting law enforcement personnel, and the service providers, as necessary to effectuate the Court's Orders, as set forth in the proposed order accompanying this application.

DATED this _____ day of January, 2015.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: /s/ Bruce S. Ambrose
BRUCE S. AMBROSE
Assistant United States Attorney
USAO 075
400 W. Washington St., Ste 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:   bruce.ambrose@usdoj.gov

SUBSCRIBED and SWORN to before me, this 10 day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE

15